UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LUIS CESAR MORALES,

      Petitioner,

v.

UNITED STATES OF AMERICA,

      Respondent.

CASE NO. 6:05-cv-344-Orl-19JGG
(6:00-cr-104-Orl-19JGG)

---

## ORDER

This case involves an amended motion to vacate, set aside, or correct an illegal sentence

pursuant to 28 U.S.C. § 2255 filed by Luis Cesar Morales (Doc. No. 3, filed March 24, 2005). The

Government filed a timely response to the motion (Doc. No. 6, filed May 31, 2005). Petitioner filed

a reply to the response (Doc. No. 8, filed June 20, 2005).

*Procedural History*

Petitioner was charged by indictment with illegal re-entry into the United States (Criminal

Case No. 6:00-cr-104-Orl-19JGG, Doc. No. 3, filed June 27, 2000).[1] On April 20, 2001, without

the benefit of a plea agreement, Petitioner entered a plea of guilty before United States Magistrate

Judge James G. Glazebrook. Magistrate Judge Glazebrook entered a report and recommendation

recommending that the guilty plea be accepted (Criminal Case Doc. No. 31). The district court

accepted the plea and adjudicated Petitioner guilty of count one of the indictment (Criminal Case

Doc. No. 32). Petitioner was sentenced to a seventy-two month term of imprisonment, followed by

---

[1]Hereinafter Criminal Case No. 6:00-cr-104-Orl-19JGG will be referred to as "Criminal
Case."

a two year term of supervised release (Criminal Case Doc. No. 36).  On August 9, 2001, Petitioner

filed a notice of appeal (Criminal Case Doc. No. 37); however, he subsequently moved to

voluntarily dismiss the appeal.  By Order dated November 1, 2001, the Eleventh Circuit Court of

Appeals dismissed Petitioner's direct appeal.  *See* Criminal Case Doc. No. 45, filed November 5,

2001.

On or about April 18, 2002, Petitioner filed a motion for modification of sentence and

resentencing pursuant to 18 U.S.C. § 3582(a)(2) (Criminal Case Doc. No. 46), which was initially

construed as a motion to vacate, set aside, or correct his sentence.  *See* Criminal Case Doc. No. 48.

However, Petitioner filed a document indicating that he was seeking relief solely based on 18 U.S.C.

§ 3582, rather than 28 U.S.C. § 2255 (Criminal Case Doc. No. 49).  On May 14, 2002, the Court

dismissed the § 2255 case without prejudice (Criminal Case Doc. No. 50), and on July 3, 2005, the

Court denied the § 3582 motion (Criminal Case Doc. No. 53).  Petitioner did not appeal the denial.

### *Timeliness of Petitioner's Motion*

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a

sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation
> period shall run from the latest of --
>
> (1)      the date on which the judgment of conviction becomes final;
>
> (2)      the date on which the impediment to making a motion created by governmental
>          action in violation of the Constitution or laws of the United States is removed, if the
>          movant was prevented from making a motion by such governmental action;
>
> (3)      the date on which the right asserted was initially recognized by the Supreme Court,
>          if that right has been newly recognized by the Supreme Court and made retroactively
>          applicable to cases on collateral review; or

(4)      the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.  The Government contends that Petitioner's motion is subject to dismissal because it was not timely filed under the one year limitation of § 2255.

In the present case, Petitioner moved to voluntarily dismiss his appeal, and the appellate court entered its order of dismissal on November 1, 2001.  Petitioner then had one year, or through November 1, 2002, to file his § 2255 motion.  However, under the mailbox rule, Petitioner's initial § 2255 motion was not filed until February 26, 2005.  *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (*pro se* prisoner's § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, will be presumed to be the date the document was signed by the prisoner); *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (*pro se* prisoner's § 2255 motion is deemed filed the date that it is delivered to prison authorities for mailing).  Accordingly, Petitioner's § 2255 motion is untimely.

Petitioner argues that his § 2255 motion is timely because (1) it relates back to the 2002 proceedings, (2) the claims relate to "counsel's admission of ineffectiveness as of late," and (3) the claims rely on the case of *United States v. Booker*, 125 S. Ct. 738 (2005), which was not decided until January of 2005.  The Court will consider each of these arguments in turn.

Petitioner's relation-back argument is fatally flawed in that the 2002 proceedings were initiated and considered under 18 U.S.C. § 3582.  Therefore, the instant § 2255 motion cannot be an amendment of those proceedings and the relation-back argument must fail.[2]

---

[2]Even assuming that the 2002 proceedings constituted a § 2255 motion, the instant § 2255 motion does not relate back to the first motion.  Under Federal Rule of Civil Procedure 15(c) "[a]n amendment of a pleading relates back to the date of the original pleading when . . . the claim or
(continued...)

3

Petitioner next contends that he only recently obtained his counsel's admission of ineffectiveness; therefore, the one year did not begin to run until he received the admission. A review of the document Petitioner considers to be an "admission" reveals that counsel only advised Petitioner to raise an ineffective assistance of counsel claim. *See* Doc. No. 1, attached letter from Darlene M. Geiger to Luis Cesar Morales. At no point in the letter does counsel admit that she was, in fact, ineffective.

Moreover, to the extent that Petitioner relies on § 2255(4)'s discovery of facts provision as a starting point for the one year period, he is unable to obtain relief. The factual predicates underlying Petitioner's ineffective assistance of counsel claims could have been discovered with due diligence as of the date of Petitioner's sentencing. "[T]he postponed accrual provision of Section 2255(4) does not postpone the accrual of limitations based on a pro se litigant's or an attorney's belated discovery or realization of the legal consequences of known facts. Rather, postponed accrual is in order only if the facts themselves supporting a legal claim were undiscoverable in a timely

---

²(...continued)
defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. P. 15(c)(2). In order to "relate back" under Rule 15(c)(2), "the untimely claim must have more in common with the timely filed claim than the mere fact that they arose out of the same trial and sentencing proceeding." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000), *cert. denied*, 532 U.S. 907 (2001);
*see also Mayle v. Felix,* 125 S. Ct. 2562, 2566 (2005) (holding that an amendment to a *habeas corpus* petition does not relate back to the original motion "when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.").

Petitioner's 2002 proceedings involved the application of an amendment to United States Sentencing Guideline § 2L1.2. In the instant case, Petitioner contends that he received ineffective assistance of counsel at sentencing. It is clear to this Court that the instant claims are new, distinct, and unrelated to the 2002 claims. *See John v. United States*, No. 04-11702, 2005 WL 1540138, *4-*5 (11th Cir. July 1, 2005) (petitioner's untimely claim that counsel failed to present witness' purportedly exculpatory statement at trial did not relate back to his original § 2255 motion).

fashion, despite due diligence." *Fraser v. United States*, 47 F. Supp. 2d 629, 630 (D. Md. 1999); *see also Harold v. United States*, 932 F. Supp. 705, 706 (N.D. Md. 1996) ("The relevant question under subsection (4) is the date on which the facts supporting a claim could have been discovered through the exercise of due diligence, not the date on which it dawns on the defendant that those facts amount to ineffective assistance of counsel."), *vacated on other grounds*, 162 F.3d 1156 (4th Cir. 1998).  Section 2255(4) is inapplicable to this case.

Finally, Petitioner's reliance on the *Booker* case as the starting point for the one year period is equally unavailing.  Section 2255(3) provides that the one year period begins to run from the date when the United States Supreme Court initially recognizes a new right and that new right is made retroactively applicable to cases on collateral review.  However, neither the United States Supreme Court nor the Eleventh Circuit Court of Appeals has determined that the *Booker* decision is retroactively applicable to cases on collateral appeal.  In fact, the Eleventh Circuit Court of Appeals has held to the contrary.  *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) ("[W]e conclude that *Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review.").

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.      The amended motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 3, filed March 24, 2005) filed by Luis Cesar Morales is **DENIED**, and this case is **DISMISSED** with prejudice.

5

2.      The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3.      The Clerk of the Court is directed to file a certified copy of this Order in criminal case number 6:00-cr-104-Orl-19JGG and to terminate the motions to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. Nos. 54 and 55) pending in that case.

**DONE AND ORDERED** at Orlando, Florida, this _11th____ day of August, 2005.

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies to:
sa 8/11
Luis Cesar Morales
Counsel of Record